UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BARBARA J. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV101 CDP |
| | ) | |
| UNITED STATES POSTAL SERVICE and PATRICE M. RICHARDET, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Patrice M. Richardet's motion to dismiss Barbara J. White's claim against her arising out of an automobile accident. White has not responded to the motion to dismiss, even after the court entered a Show Cause Order. Because Richardet was a government employee acting within the scope of her employment at the time of the auto accident, White's claim against her individually is barred by the Federal Tort Claims Act. I will therefore grant the motion to dismiss.

**I.  Background**

This action arises from a motor vehicle accident which occurred while, Richardet, an employee of the United States Postal Service, was delivering mail on behalf of the United States Postal Service. According to White, the accident

occurred because Richardet failed to yield the right of way causing her vehicle to collide with White's vehicle. White asserts that she sustained damages as a result of the accident including medical injuries, lost wages, and loss of property.

White presented her claim to the United States Postal Service, but her claim was denied on January 26, 2005. White filed the present action on June 20, 2005, asserting claims against both the United States Postal Service and Richardet as an individual. In particular, White contends that the accident occurred as a result of Richardet's negligence. Richardet has moved the Court to dismiss the claim against her under Rule 12 of the Federal Rules of Civil Procedure.

## II.  Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

A complaint should not be dismissed merely because the court doubts that plaintiff will be able to prove all the necessary allegations. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether she is entitled to present evidence to support her claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A court should grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Because Richardet was an employee of a government agency at the time of the accident, this action is governed by the Federal Tort Claims Act. The Federal Tort Claims Act provides that:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title [28 U.S.C.] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679 (b)(1). White alleges that at the time of the accident Richardet was acting in an official capacity on behalf of the United States Postal Service.

White further alleges that Richardet was acting within the scope of her employment. Moreover, White alleges that the accident occurred as the result of negligence. These allegations fall squarely within the purview of the Federal Tort Claims Act. Because Richardet was a government employee acting within the scope of her employment at the time of the purported negligent act, White cannot maintain a claim against Richardet as an individual.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of Defendant Richardet [#7] is GRANTED and the claim against her is DISMISSED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2005.