UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BARBARA J. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV101   CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION**

This Federal Tort Claims Act case is before me for decision following a bench trial. For the reasons that follow, I conclude that the Postal Service employee was not negligent, and so I will enter judgment in favor of defendant on plaintiff's claim.

## Findings of Fact

This case arises out of a motor vehicle accident that occurred on September 7, 2002. Plaintiff Barbara J. White was driving a 1994 Ford Ranger pick-up truck, and U.S. Postal Rural Carrier Patrice Richardet was operating a 1993 Chevrolet S-10 Blazer. Richardet was delivering mail, and so was acting in the scope of her employment at the time of the collision. The collision occurred approximately .2 miles north of the intersection of County Road 704 and Missouri State Highway 51 in Perry County, Missouri. It was approximately 1:45 p.m. The weather was

clear and the asphalt road surface was dry.

Richardet was operating her personal vehicle, but it bore a sign on the rear tailgate that said "U. S. Mail." Richardet was stopped at a mailbox in the northbound lane, at 2190 Highway 51 South. Her vehicle was pulled partly over onto the side of the road, but it was partially in the traffic lane. White was also traveling northbound, and ran into the rear of the mail vehicle. Her right front hit the left rear of the stopped vehicle. White's vehicle left skid marks measuring 83 feet (right tire) and 51 feet (left tire).

White testified that shortly before the collision, she observed the other vehicle on a gravel parking lot. She testified that the other vehicle spun its wheels, causing a cloud of dust, and then pulled onto the highway in front of her. She said that the dust cloud was so dense that she did not see the vehicle stopped at the mailbox until right before the collision. Her testimony was that she immediately applied her brakes when the dust cleared enough for the vehicle to be visible. She said that she could not swerve because there was an oncoming car.

Richardet testified that she had not been in the parking lot that day, and that the business formerly located at that lot was closed at the time of this accident, so it was not a place she had to stop to deliver mail. She had no warning before she was struck. She testified that there was no dust on the road, and that her vehicle

did not stir up any dust. Some time after the accident she measured the distance from the parking lot to the mailbox and it was approximately .3 miles.

Having heard the testimony and reviewed the exhibits produced, including photographs of the vehicles and the scene, I credit the testimony of Postal Worker Richardet over that of plaintiff White. I do not believe that Richardet pulled out of the parking lot. Even if White's testimony about the vehicle pulling out of the parking lot were correct, it is not credible to think that a cloud of dust, so large and so thick that it would obscure a vehicle, could travel from the parking lot down the road in the manner described by White. White testified that she was traveling approximately 45 mph through the dust cloud. According to the Missouri Department of Revenue Drivers Guide, stopping distance on dry level pavement when traveling 45 mph is 190 feet including reaction time. Given the distance from the parking lot to the mailbox is .3 miles, or almost 1584 feet, the dust cloud would have to be more than 1300 feet long for it to obscure White's view of the other vehicle. This is simply not credible.

Although Richardet initially told the police that she had already delivered the mail to the box at 2190 Highway 51 South and she was pulling out when the collision occurred, which turned out not to be true, this discrepancy does not detract from her credibility. She testified that she discovered the mail for the 2190

box in her truck when she returned to the post office that same day, and knew immediately that she had misstated that fact to the investigating officer. Additionally, although Richardet's manner of driving (sitting in the middle of the front seat with her side view mirror turned in so she could pull up close to the mailbox and easily deliver mail through the passenger window) certainly seems unsafe to me, that method of driving had nothing to do with the wreck. The wreck was caused by White rear-ending Richardet while the vehicle was stopped, and how Richardet may usually drive is irrelevant.

Finally, although Richardet's vehicle was stopped partially on the roadway, this is not an unusual occurrence on rural roads such as Highway 51, and White should have seen the stopped vehicle in time to avoid the collision. The collision was caused entirely by White's failure to keep a careful lookout.

## Conclusions of Law

This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and the Court has jurisdiction under 28 U.S.C. § 1346. Missouri law governs the plaintiff's claim for negligence.

In order for plaintiff to prove a claim of negligence under Missouri law, she must show the following elements: (1) a legal duty by the defendant to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a

breach of that duty; (3) a proximate cause between the conduct and the resulting injury; and (4) actual damages to the plaintiff's person or property. Rill v. Trautman, 950 F.Supp. 268, 271 (E.D. Mo 1996) (citing Horn v. B.A.S.S., 92 F.3d 609, 611 (8th Cir. 1996)).

White failed to drive in a careful and prudent manner by failing to keep a proper lookout. Richardet did not breach any duty owed to White and therefore the defendant is not liable for any damages that resulted from the accident.

## Conclusion

Plaintiff has failed to meet her burden of proof. In fact, the preponderance of the evidence shows that she was 100% at fault for the wreck. She can recover nothing on her claim, and a separate judgment consistent with this opinion will be entered today.

                                                        CATHERINE D. PERRY
                                                      UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2007.